UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 2:23-cr-20080-JTF |
| v. ) | |
| ) | |
| JAQUAN L. BRIDGES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S FIRST MOTION TO DISMISS**

The United States of America submits the following response in opposition to Defendant's First Motion to Dismiss, Doc. 24.

### ARGUMENT AND AUTHORITIES

Defendant, Jaquan L. Bridges filed a motion to dismiss the indictment in this action, arguing that 18 U.S.C. § 922(o) is facially unconstitutional and infringes on his Second Amendment rights by restricting his right to possess a machinegun. Defendant's argument is without merit. The Supreme Court has held that regulations of machineguns fall outside the Second Amendment's ambit; *Bruen* did not alter that precedent. For the reasons stated herein, Defendant's motion should be denied.

**I.    Section 922(o)'s prohibition on the possession of machineguns is constitutional.**

Defendant argues in his First Motion to Dismiss that 18 U.S.C. § 922(o) is facially unconstitutional because it restricts his ability to possess a category of weapon that could "prove useful in self-defense 'in case of confrontation,'" citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2134 (2022). Defendant's argument is without merit because the

Supreme Court has made clear that the Second Amendment's plain text does not cover machineguns, and regulation of machineguns is consistent with the historic tradition of firearm regulation.

> **A.   Possession of machineguns is not protected under the plain text of the Second Amendment.**

Defendant's attempts to characterize machineguns as the type of firearm typically possessed by law-abiding citizens is contrary to Supreme Court and Sixth Circuit precedent. In *United States v. Miller*, 307 U.S. 174, 178 (1939), the Supreme Court upheld against a Second Amendment challenge to two men's federal indictment for transporting an unregistered short-barreled shotgun in interstate commerce in violation of the National Firearms Act. 48 Stat. 1236. In *District of Columbia v. Heller*, the Supreme Court makes clear that the *type* of weapon in *Miller* was at issue—"We … read *Miller* to say only that the Second Amendment does not protect those weapons *not typically possessed by law-abiding citizens for lawful purposes,* such as short-barreled shotguns." 554 U.S. 570, 625 (2008). In *Miller*, the "ordinary military equipment" contemplated as protected by the Second Amendment means the types of arms men called to militia would supply for themselves that would be in "common use at the time" for "lawful purposes like self-defense." *Id*. At 624.  The Supreme Court in Heller further clarified Miller:

> *Miller* said, as we have explained, that the sorts of weapons protected were those "in common use at the time."  We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of "dangerous and unusual weapons."

*Id*. At 627 (citing *Miller*, 307 U.S. at 179).

Thus, the Second Amendment does not protect those weapons that were "not in common use at the time" of its passage and that were not "typically possessed by law-abiding citizens for lawful purposes." *Id*. at 625, 627. Defendant claims, without providing any data, that the number of machineguns counted by the ATF is undercounted.  Defendant here likens the law found

unconstitutional in *Heller* to § 922(o); however, in *Heller*, the law at issue was the District of Columbia's ban on handguns and prohibition against rendering a lawful firearm operable in the home. *Id.* at 573. Here, nothing in Section 922(o) prohibits non-prohibited persons from possessing lawful handguns—those not prohibited by the National Firearms Act—for lawful purposes. Defendant has not demonstrated how the plain text of the Second Amendment covers his possession of machineguns as firearms "in common use at the time" by private citizens.

*Bruen* does not disturb *Miller* or *Heller*, and multiple courts have relied on *Heller* to conclude that machineguns fall outside the Second Amendment's scope. *See, e.g., United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame*, 822 F.3d 136, 141-44 (3rd Cir. 2016) (Finding "the Second Amendment does not protect the possession of machine guns. They are not in common use for lawful purposes."); *Hollis v. Lynch*, 827 F.3d 436, 449-51 (5th Cir. 2016) (finding that machineguns do not receive Second Amendment protection because they are dangerous and unusual); *Hamblen v. United States*, 591 F.3d 471, 473-74 (6th Cir. 2009) (finding the right to keep and bear arms does not authorize an unlicensed individual to possess unregistered machine guns for personal use); *United States v. Fincher*, 538 F.3d 868, 873-74 (8th Cir. 2008) (finding machineguns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use); *United States v. Henry*, 688 F.3d 637, 639-40 (9th Cir. 2012) (finding that short of bombs, missiles, and biochemical agents, few weapons are more dangerous than machineguns and thus the Second Amendment does not apply.)

In *Hamblen*, the Sixth Circuit upheld the district court's denial of his 28 U.S.C. § 2255 motion to vacate, in which he claimed that his convictions for possessing machineguns in violation of 18 U.S.C. § 922(o) and possession of unregistered firearms in violation of 26 U.S.C. § 5861(d)

were unconstitutional. In *Hamblen*, Defendant was a member of a volunteer State Guard and believed that the State Guard may be activated after September 11, 2001. *Hamblen*, 591 F.3d at 472. Fearing the State Guard would be underequipped, Hamblen purchased parts kits with his own funds and built nine machineguns, which he knew violated State Guard policy. *Id*. In affirming the district court, the Sixth Circuit rejected Hamblen's reading of *Miller* that regulating machineguns would be unconstitutional:

> Hamblen's challenge to his conviction for unlawful possession of unregistered machine guns has been directly foreclosed by the Supreme Court, which specifically instructed in Heller that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes."

*Id*. at 474 (citing *Heller*, 128 S. Ct. at 2815-16).

The binding precedent of the Supreme Court provides that the Second Amendment protects only those weapons "in common use" by private citizens at the time of its enactment, and the persuasive authority of numerous federal appeals courts (including the Sixth Circuit) expressly extends this conclusion to machineguns. Accordingly, this Court should deny Defendant's motion to dismiss because the plain text of the Second Amendment does not protect the possession of machineguns.

> **B.   Prohibiting the possession of machine guns is consistent with historic tradition of firearm regulation.**

Even if this Court were to conclude that the Second Amendment's plain text protects the possession of machineguns, Section 922(o) nonetheless does not violate the Second Amendment because the statute is "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129-30. *Bruen* contemplated two avenues of inquiry to determine whether modern firearm regulations are consistent with the Second Amendment's text and historical understanding: 1) a "straightforward historical inquiry" to examine historical regulations similar

4

to the modern-day regulatory counterpart at issue to find evidence that a comparable historical regulation was rejected on constitutional grounds; or 2) a "historical analogy" for instances where there is no such straightforward corresponding historical law. *Id*. at 2131-34.

For purposes of Defendant's challenge to Section 922(o), a "straightforward historical inquiry" suffices. As explained in *Heller*, which *Bruen* did not disturb, this nation's "historical tradition" includes "prohibiting the carrying of dangerous and unusual weapons." 544 U.S. at 637. In the United States, courts have long acknowledged that arming oneself with "dangerous and unusual weapons, in such a manner as will naturally cause a terror to the people" is an offense at common law. *State v. Langford*, 3 Hawks 381 (NC 1824). Thus, the Second Amendment encompasses only arms "of the kind in common use." *Heller*, 554 U.S. at 624 (quoting *Miller*, 307 U.S. at 179). *Bruen* did not change this aspect of *Heller*; instead, *Bruen* reaffirmed Heller's finding that there is a "fairly supported" "historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" *Bruen*, 142 S. Ct. at 2128 (citing 4 W. Blackstone, Commentaries on the Laws of England at 148-49; *Miller*, 307 U.S. at 179).

Accordingly, if this Court does not find that the plain text of the Second Amendment does not cover possession of machineguns, this Court should reject Defendant's constitutional challenge to Section 922(o) on historical grounds.

## CONCLUSION

For the reasons stated herein, Defendant's First Motion to Dismiss lacks merit and should be denied.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

s/ Eileen Kuo
EILEEN KUO
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, Tennessee 38103
Telephone: (901) 544 4231

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2023, a copy of the foregoing pleading was filed by electronic means via the court's electronic case filing system, which served all parties of record.

s/ Eileen Kuo
Eileen Kuo
Assistant United States Attorney