# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 2:23-cr-20080-JTF |
| v. ) | |
| ) | |
| JAQUAN L. BRIDGES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## UNITED STATES POSITION REGARDING SENTENCING

The United States of America, by and through the undersigned counsel, hereby submits its position regarding sentencing in accordance with § 6A1.2 of the United States Sentencing Guidelines:

**I.   Certification**

The undersigned counsel has reviewed the Presentence Investigative Report ("PSR") and has communicated the following position to the probation officer and defense counsel in the form of a copy of this document. The United States' response regarding the facts described in the PSR, offense level calculation, and sentencing factors is contained herein.

**II.   Sentencing Hearing**

The sentencing hearing may last approximately two hours. The government anticipates calling at least two law enforcement witnesses and several others.

**III.   Offense level calculation**

On April 27, 2023, a Federal Grand Jury returned a true bill against Jaquan Bridges on a one-count indictment. Count 1 charges Mr. Bridges with possession of a machinegun in violation of 18 U.S.C. § 922(o). On February 6, 2024, Mr. Bridges pled guilty.

**A. Adjustments**

The U.S. Probation Office has determined that Mr. Bridges' total offense level calculation is 25, with criminal history category I, which corresponds to a guideline imprisonment range of 57-71 months imprisonment. (PSR, Doc. 41-1, PageID 76). This is based on a determination that Mr. Bridges' base offense level is 18 for an offense involving a firearm described in 26 U.S.C. § 5845(a) (in this case, a firearm with an attached machinegun conversion device). (PSR, Doc. 41, PageID 65). In addition to the Special Offense Characteristics enhancement (+4) for using or possessing the firearm in connection with another felony and the Adjustment for Obstruction of Justice (+6) for shooting at an official victim, both of which were noted in the PSR, the government submits that Mr. Bridges is also subject to an adjustment of +2 for Reckless Endangerment During Flight under U.S.S.G. §3C1.2.

The Application Notes indicate that the §3C1.2 Adjustment should not be applied where another Chapter Three adjustment results in an equivalent or greater increase in offense level on the basis of the same conduct. However, here, Mr. Bridges' conduct in shooting at the Shelby County Sheriff Deputy during the course of the offense is different from his endangerment of the public during his flight from law enforcement. Mr. Bridges shot at the deputy before fleeing at high rate of speed. He then led officers on a lengthy vehicle pursuit during which he struck several vehicles, causing substantial damage and bodily injury to at least one victim, before crashing into a concrete barrier. This is distinct from Mr. Bridges' initial conduct of shooting at the deputy while driving on the interstate during the course of the offense because after pulling the trigger, he

could have stopped or pulled over. Instead, *after* firing at the officer, he then fled and drove dangerously for several minutes, causing actual damage and injury to at least two additional victims. Thus, the Adjustment under §3C1.2 for Reckless Endangerment During Flight should apply.

Based on the above, the government believes Mr. Bridges' Total Offense Level should be calculated as follows:

| | |
|---|---:|
| **18 U.S.C. § 922(o)** | 18 |
| **2K2.1(b)(6)(B)** used firearm in connection with another felony offense | 4 |
| **3A1.2(c)** fired gun at law enforcement officer during course of offense or flight therefrom | 6 |
| **3C1.2** reckless endangerment during flight | 2 |
| Acceptance of Responsibility (U.S.S.G. § 3E1.1(a)) | -2 |
| Criminal History Category | I (0 points) |
| | **28** |
| **Sentencing Range** | **78-97** |

### IV.   18 U.S.C. § 3553(a) Sentencing Factors

For the reasons set forth below, the United States recommends that the Court sentence Mr. Bridges to the high-end of the guideline range as determined by the Court as well as impose a 3-year term of supervised release. Such a sentence would be sufficient but not greater than necessary to accomplish the sentencing objectives identified in 18 U.S.C. § 3553(a).

### A. Nature, circumstances, and seriousness of the offense and need to promote respect for the law

The nature and circumstances of the offense weigh toward a sentence substantial enough to reflect the seriousness of the conduct at issue. Here, the offense conduct is serious to the extreme. Mr. Bridges demonstrated not only a blatant lack of respect for the law, but also lack of regard for the lives and safety of law enforcement officers and the general public. (*See* PSR, Doc. 40-41, PageID 63-64). He has admitted to shooting the firearm, a Glock 23 .40 caliber pistol with

3

an attached machinegun conversion device, while driving on I-240. Several bullets struck the SCSO Deputy's vehicle, including one in the driver's door pillar that narrowly pissed the deputy's head by mere inches. By spraying bullets onto a busy highway using a firearm converted into a fully automatic weapon, Mr. Bridges very nearly murdered a law enforcement officer and could easily have killed other drivers.

After shooting at the deputy, Mr. Bridges then led officers on a long high-speed vehicle pursuit, which ultimately ended when he crashed into several other drivers, causing bodily injury and disabling damage to their vehicles. Mr. Bridges then crashed into a concrete barrier himself. Mr. Bridges created an incredibly dangerous and volatile situation that could have easily resulted in fatalities. To this day, the victims of Mr. Bridges' actions on February 1, 2021 continue to deal with the physical, mental, and emotional effects of his conduct. They might never be made whole and Mr. Bridges' punishment in this case should reflect the seriousness of what these individuals have suffered.

**B. History and characteristics of the defendant, general and specific deterrence.**

Although Mr. Bridges does not have adult convictions, he appears to have gotten himself down a troubling path of extreme behavior that needs to be deterred. There is no reason for anyone to have a Glock switch, and Mr. Bridges is a prime (and extreme) example of why these dangerous machinegun conversion devices do not belong on the streets. As a specific deterrence, Mr. Bridges' punishment should deter him from this path of dangerous behavior—obtaining firearms with conversion devices, shooting them into the public, associating with dangerous gangs, and endangering the public and law enforcement. A significant punishment would also serve as a general deterrence against these machinegun conversion devices.

### C. The need to avoid unwarranted sentencing disparities

Imposition of a term of imprisonment at the high end of the guideline range with a 3-year period of supervised release, and payment of a mandatory special assessment would serve to prevent disparities as to defendants in related but similar cases.

### V. Conclusion

The government submits that consideration of the factors under 18 U.S.C. § 3553(a) supports a high-end guidelines sentence, and 3 years supervised release. This is based on the serious nature of this crime, the need to reflect the seriousness of the crime and promote respect for the law, the need for deterrence, the need to protect the public from future crimes of the defendant, and the need to avoid disparity. This sentence is sufficient but not greater than necessary to comply with the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

s/ Eileen Kuo
EILEEN KUO
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, Tennessee 38103
Telephone: (901) 544 4231

### CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2024, a copy of the foregoing pleading was filed by electronic means via the court's electronic case filing system, which served all parties of record.

s/ Eileen Kuo