UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 2:23-cr-20080-JTF |
| v. ) | |
| ) | |
| JAQUAN L. BRIDGES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**UNITED STATES SUPPLEMENTAL POSITION REGARDING SENTENCING**

The United States of America, by and through the undersigned counsel, hereby submits the following supplemental position regarding sentencing in accordance with § 6A1.2 of the United States Sentencing Guidelines:

**I.   Factors in Support of Upward Variance**

   **A.  Separate Acts of Reckless Endangerment**

The sentencing hearing was held on July 23, 2024, at which time the United States presented proof in support of a 2-level enhancement under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to other persons in the course of fleeing from law enforcement officers.

During the sentencing hearing, the United States argued that not only should the 2-level enhancement under U.S.S.G. § 3C1.2 apply, Mr. Bridges' conduct during the course of the offense conduct would justify an upward variance.  Not only did he shoot at a law enforcement officer while driving on a busy interstate during rush hour traffic, he then led that officer and others on a lengthy vehicle pursuit.  Deputy Charles Stevens, whom Mr. Bridges shot at, testified that after he

pulled ahead of Mr. Bridges and activated his blue lights, Mr. Bridges pulled up next to him and "mean-mugged" him. Mr. Bridges then pulled up next to Deputy Stevens a second time, at which time Deputy Stevens heard several rapid gunshots as if fired from a fully automatic weapon. What followed was a vehicle pursuit in which Karen Berry was hit on the I-40/I-240 flyover. The pursuit ultimately ended when Mr. Bridges crashed into Jacob Gilmore and Patricia Wright (among others), and finally crashed into a concrete barrier at I-240 and Highway 385.

The fact that he did not stop when Deputy Stevens initially activated blue lights and sirens supports an enhancement under U.S.S.G. § 3C1.2 for reckless endangerment. The fact that he did not stop after hitting Ms. Berry on the flyover constitutes a separate act of reckless endangerment. The fact that he then continued and hit two more victims constitutes yet more acts of reckless endangerment.

### B. Greater Than Usual Injury to Victims

The testimony provided at the sentencing hearing by Deputy Charles Stevens and Patricia Wright, along with the written statement of Karen Berry and allocution of Jacob Gilmore, show that there were multiple points throughout Mr. Bridges' offense conduct that could have resulted in death. This includes his firing shots at Deputy Stevens, including one bullet that was stopped by the door frame within inches of Deputy Stevens' head. The mental and emotional toll that the incident took on the individuals impacted by the offense conduct was much more serious than that normally resulting from commission of this offense. One of the victims suffered injuries that changed their life, so much so that this victim was not able to work after Mr. Bridges caused substantial injury.

Additionally, the offense involved the use of an especially dangerous weapon—a Glock that had been converted into a fully automatic weapon with an extended magazine. Mr. Bridges

acted with either intent to cause harm to other individuals or an extremely reckless disregard for the lives of those he impacted.

Accordingly, the government submits that an upward variance to 120 months imprisonment would be sufficient but not greater than necessary to accomplish the objectives of sentencing.

## II.   Conclusion

The government submits that consideration of the factors under 18 U.S.C. § 3553(a) along with the proof submitted at the sentencing hearing supports an upward variance, and that a term of imprisonment of 120 months followed by 3 years supervised release would be an appropriate sentence in this case.  This is based on the serious nature of this crime, the need to reflect the seriousness of the crime and promote respect for the law, the need for deterrence, the need to protect the public from future crimes of the defendant, and the need to avoid disparity.  This sentence would be sufficient but not greater than necessary to comply with the goals of 18 U.S.C. § 3553(a).

    Respectfully submitted,

    KEVIN G. RITZ
    United States Attorney

    s/ Eileen Kuo
    EILEEN KUO
    Assistant United States Attorney
    167 N. Main Street, Suite 800
    Memphis, Tennessee 38103
    Telephone: (901) 544 4231

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2024, a copy of the foregoing pleading was filed by electronic means via the court's electronic case filing system, which served all parties of record.

s/ Eileen Kuo