# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-cr-20080-JTF |
| ) | |
| **JAQUAN BRIDGES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER DENYING MOTION TO DISMISS COUNSEL AND APPOINT NEW COUNSEL

Before the Court is Defendant Jaquan Bridges' Motion to Dismiss Counsel and Appoint New Counsel, made orally just prior to concluding his sentencing hearing on September 17, 2024. The Court inquired into Bridges' concerns, hearing first from Bridges and then his court appointed counsel, Gregory Gookin. The Court finds the Defendant's Motion to Dismiss Counsel and Appoint New Counsel should be **DENIED** and the sentence ultimately imposed will remain as determined on September 17, 2024.

During the inquiry, Bridges provided only vague and non-specific concerns about defense counsel's representation; that counsel failed to meet with him, and when they did meet, defense counsel would not discuss sentencing issues. Defense counsel disputed Bridges' allegations, documenting that since his representation began on April 3, 2024, he had met with Bridges at least

1

four (4) times to prepare for sentencing.[1]  With the exception of their last meeting, all sentencing issues and strategies were discussed.  At their last meeting, Bridges appeared reluctant to speak with Defense Counsel, who advised Bridges to discuss his concerns with the Court.  Defense counsel was ready to proceed with the sentencing hearing.

On April 27, 2023 a federal grand jury returned a one count Indictment charging Bridges with unlawful possession of a machine gun, in violation of 18 U.S.C. Sec. 922 (o).  (ECF No. 1.)  Bridges changed his plea to guilty, without benefit of a plea agreement, on February 6, 2024.  (ECF No. 33.)  Sentencing began on July 23, 2024, and concluded on September 17, 2024, the day Bridges first raised concerns about his lawyer.  (ECF Nos. 51 & 55.)

In evaluating the propriety of a motion to dismiss counsel, courts consider: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *See United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001) (citing *United States v. Williams*, 176 F.3d 301, 314 (6th Cir.1999).  Also, as explained to Bridges, a lawyer is empowered to make decisions related to strategy, tactics or technical matters related to procedure without consultation with his client.  These decisions are the lawyer's alone because they usually do not "materially affect" the client's interests. *See* Model Rules of Prof'l Conduct R. 1.2.

---

[1] Originally, Bridges was represented by another member of the federal defender's office.  However, prior counsel left the defender's office to take another position.  Prior counsel's Motion to Withdraw was granted April 2, 2024.  (ECF No. 38.)

The Court finds that Bridges has failed to point to anything that should result in granting his request to relieve counsel; he has not shown that counsel violated the rules of professional conduct or demonstrated a lack of diligence, competence, or professionalism. It appears that Bridges made a last minute attempt to avoid sentencing and evade responsibility.

Upon a review of the entire record, the Court finds that defense counsel has exceeded his obligation to provided competent and professional representation. Mr. Gookin has demonstrated great competence, experience, and effectiveness despite the described disagreements. No ethical violations have occurred.

For the foregoing reasons, the Court concludes that the Defendant's Motion to Dismiss Counsel and Appointment of New Counsel should be **DENIED**.

**IT IS SO ORDERED** on this 20th day of September, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE